Defendant-appellant, Theodore P. Georgekopoulos, appeals from the Summit County Court of Common Pleas' judgment that denied his petition for postconviction relief. We affirm.
In April of 1997, Defendant was indicted by a Summit County grand jury for the murder of his fiance who suffered a fatal gunshot wound on December 3, 1996. After a jury trial, Defendant was found guilty of murder in violation of R.C. 2903.02 with a firearm specification pursuant to R.C. 2941.145. The trial court sentenced Defendant to consecutive prison terms of fifteen years to life on the murder count and three years on the firearm specification. New counsel represented Defendant in his direct appeal. This court affirmed Defendant's conviction and sentence. State v. Georgekopoulos (Nov. 25, 1998), Summit App. No. 18797, unreported. On July 22, 1998, Defendant filed a timely petition for postconviction relief. The trial court denied the petition on October 7, 1998.
Defendant timely appealed and has raised a single assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in dismissing the petition without an evidentiary hearing.
In his petition, Defendant averred that trial counsel was ineffective because counsel did not present allegedly exculpatory evidence that included information about (1) the victim's suicide notes and attempts, (2) the victim's depression, and (3) the victim's experience with firearms. We conclude that the trial court did not err by denying Defendant's petition without conducting a hearing.
R.C. 2953.21(A)(1) provides:
 Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
R.C. 2953.21(C) directs the trial court to determine whether the constitutional claims raise any "substantive grounds for relief" before granting a hearing. See State v. Jackson (1980), 64 Ohio St.2d 107,109-10. Furthermore, a petition for postconviction relief is subject to dismissal without a hearing when the record indicates that the petitioner is not entitled to relief. See State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983) 464 U.S. 856, 78 L.Ed.2d 157.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. When a defendant is represented by new counsel on appeal and fails to raise ineffective assistance of trial counsel, res judicata may preclude the raising of ineffective assistance of trial counsel in a petition for postconviction relief. State v. Cole (1982), 2 Ohio St.3d 112, syllabus. Nonetheless, a defendant may overcome res judicata, even in the context of an ineffective assistance of counsel claim, when a defendant submits evidence dehors the record that demonstrates that the defendant could not have raised the claim based on the contents of the original trial record. See State v. Combs (1994), 100 Ohio App.3d 90, 97.
In this case, Defendant was represented by new counsel in his direct appeal. He asserted ineffective assistance of counsel on direct appeal, and this court overruled that assignment of error. See State v. Georgekopoulos, supra, at 7-8. In his petition for postconviction relief, Defendant argued that his trial counsel was ineffective due to counsel's failure to present allegedly exculpatory evidence of the victim's depression, suicide attempts, and experience with firearms. Defendant attached evidence to his petition that was not part of the original trial court proceedings. Assuming, arguendo, that Defendant has demonstrated that his present arguments could not have been addressed in his direct appeal, we will address the merits of his new ineffective assistance of counsel claims.
The Supreme Court of Ohio has recently summarized the two components required to establish an ineffective assistance of counsel claim as follows:
 To prevail on a claim of ineffective assistance of counsel, a defendant must show, first that "counsel's performance was deficient" and, second, that "the deficient performance prejudiced the defense * * * [such that] [c]ounsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. A Sixth Amendment violation does not occur "unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, 142. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
State v. Goodwin (1999), 84 Ohio St.3d 331, 334.
This court will not second-guess the strategy decisions of trial counsel. See State v. Mason (1998), 82 Ohio St.3d 144, 157. For example, the decision of trial counsel with respect to whether expert testimony should be presented is one such strategic choice. See State v. Coleman (1989), 45 Ohio St.3d 298, 307-08. See, also, State v. Pantic (May 26, 1999), Summit App. No. 18963, unreported, at 6-7.
Defendant argues that his defense attorney was ineffective because he neglected to investigate or present exculpatory evidence that demonstrated that the victim confronted the Defendant with the gun. Defendant referenced alleged suicide notes and affidavits regarding Ms. Suhre's past suicide attempts in his petition for postconviction relief. He contends that this evidence would have proven that Ms. Suhre confronted Defendant with the gun.
Evidence regarding suicidal tendencies or past suicidal behavior is not automatically exculpatory or admissible. For example, in State v. Gillman (Oct. 28, 1991), Clermont App. No. CA90-09-093, unreported, 1991 Ohio App. LEXIS 5182, at *11-13, the Twelfth District Court of Appeals noted that based on the facts of that case, evidence of suicidal tendencies did not render the murder conviction unsupported by sufficient evidence or against the manifest weight of the evidence. Moreover, the Seventh District Court of Appeals has concluded that a trial court did not abuse its discretion when it excluded vague evidence regarding suicide attempts. State v. Vessels (Sept. 16, 1996), Belmont App. No. 93-B-35, unreported, 1996 Ohio App. LEXIS 4027, at *10-11.
In this case, Defendant's counsel focused the defense on a theory that the victim pointed the gun at Defendant and that the fatal shot was an accident. Both Ms. Suhre's experience with firearms and her bouts with depression were raised at trial. Trial counsel elicited testimony from Defendant that Ms. Suhre pointed the gun at him; proffered evidence that the fatal shot was caused by an accident; and evoked responses from witnesses regarding Ms. Suhre's drinking, depression, and experience with firearms. Moreover, trial counsel proffered Defendant's testimony that Ms. Suhre pointed the gun at Defendant and expert testimony that the fatal shot was accidental. The choice to focus the defense with direct testimony and expert opinion and not to further develop the victim's state of mind was a strategic, tactical decision. Accordingly, we cannot conclude that trial counsel's performance was unreasonable.
Based on the foregoing, the trial court did not err when it denied Defendant's petition for postconviction relief without a hearing. Defendant's single assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
BATCHELDER, J.
CONCUR